IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE K. SOUZA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ERIE INSURANCE COMPANY,<br><br>　　　　Defendant. | Case No. 22 C 3744<br><br>Magistrate Judge Sunil R. Harjani |

## ORDER

In this insurance coverage dispute, Souza contends that Erie Insurance Company breached its contract and violated Section 155 of the Illinois Insurance Code (215 ILCS § 5/155). *See generally* Doc. [1]. Before the Court is Souza's Motion to Compel documents responsive to Request for Production Nos. 10-11, 14-17, 20-23 and a response to Interrogatory No. 8. Doc. [37]. For the following reasons, Souza's motion is denied.

### Discussion

In ruling on a motion to compel, the discovery standard set forth in Rule 26(b) of the Federal Rules of Civil Procedure governs. Under Rule 26(b)(1), parties are entitled to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Discoverable information is not limited to evidence admissible at trial. *Id*. In determining the scope of discovery under Rule 26, relevance is construed broadly. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The factors relevant to the proportionality inquiry are "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). A "party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as the party understands them." Fed. R. Civ. P. 26(b)(1) Advisory Committee Notes (2015 Amendment). At the same time, a "party claiming undue burden or expense ordinarily has far better information—perhaps the only information—with respect to that part of the determination." *Id*. Additionally, Magistrate Judges "enjoy extremely broad discretion in controlling discovery." *Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013). All of these principles inform the Court's analysis below.

Souza seeks a substantial number of documents regarding the claims that Erie process and its business practices. In relation to Eries's processing of claims, Souza requests "any and all reference material, guidelines, policies, handouts, manuals, outlines, articles, and/or documents that have been distributed by and/or disbursed" by Erie in: (1) handling Souza's claim, wind/hail

claims, and first party insurance claims of "wear and tear; manufacturing defect; construction defect; mechanical damage; improper installation; improper nailing; blistering; matching; [and] any uncovered loss;" and (2) determining whether to "repair or replace damage in the handling of Plaintiff's claim, wind/hail claims, and first party insurance claims." Doc. [37-2] at RFP Nos. 10-11. Souza also asks for written procedures or policies for: (1) the handling of weather-related insurance claims; (2) replacement verse repair of a roof based on certain criteria; (3) handling the coverage for matching of windows throughout a residence; and (4) operating guides relating to handling of weather-related insurance claims and catastrophe claims in Illinois. Doc. [37-2] at RFP Nos. 22-23. Further, Souza seeks "any and all documents reflecting company guidelines, procedures, or policies for evaluating whether claims are covered or excluded by any policy provision Defendant contends applied to Plaintiff's claim(s)." Doc. [37-2] at RFP No. 17. Similarly, Souza moves to compel a response to Interrogatory 8 which asks Erie to "identify all written procedures and policies (including document(s) maintained in electronic form) … for property and casualty claims." Doc. [37-3] at Rog No. 8. Second, in reference to Erie's business practices, Souza requests documents related to approved or preferred vendors lists, materials regarding the price estimates of contractors, bonus or incentive plans and programs, and materials used in instructing, guiding, training, overseeing, or supervising personnel for all individuals who adjust property claims in Illinois. Doc. [37-2] at RFP Nos. 14-16, 20-21.

Thus, in this dispute, Souza seeks documents that are beyond the scope of her insurance claim and that focus on a broad swath of Erie's processes and Erie's business practices. For her part, Souza argues all the documents sought are "highly relevant" and "[t]he requested information is not only discoverable, but it is necessary for Plaintiff to prove her bad faith claim." Doc. [37] at 3. However, this is the only explanation given by Plaintiff without any further elaboration. Erie objects to these RFPs based on relevance and that they call for information not likely to lead to the discovery of admissible evidence, arguing that Souza is not entitled to information regarding other claims beyond their own. Doc. [37-2] at RFP Nos. 10-11, 14-17, 20-23; Doc. [39] at 4-6. Additionally, Erie argues that Illinois law precludes discovery of personnel information in Section 155 claims. Doc. [39] at 6-7. Erie further objects to the interrogatory as "vague, ambiguous, calls for the production of information potentially violative of the attorney-client privilege and work product, relevance, overbroad, unduly burdensome." Doc. [37-3] at Rog No. 8.

Souza's motion must be denied. First, Souza does not have a bad faith claim. The Illinois Supreme Court and Northern District of Illinois have recognized that a Section 155 claim is not equivalent to a claim in contract or tort for an insurer's bad faith refusal to pay insurance benefits. *See Harleysville Lake States Ins. Co. v. Lancor Equities, Ltd.*, 2014 WL 5507572, at *2 (N.D. Ill. Oct. 31, 2014) (*citing Cramer v. Ins. Exchange Agency*, 675 N.E.2d 897, 903-04 (Ill. 1996)). Instead, Section 155 is an "extracontractual remedy to policyholders whose insurer's refusal to recognize liability and pay a claim under a policy is vexatious and unreasonable." *American Safety Cas. Ins. Co. v. City of Waukegan*, 776 F. Supp. 2d 670, 703-04 (N.D. Ill. Mar. 3, 2011) (*citing Cramer*, 675 N.E.2d at 900); *see also TKK USA, Inc. v. Safety Nat'l Casualty Corp.*, 727 F.3d 782, 793 (7th Cir. 2013). Relevant considerations if an insurer acted in a vexatious and unreasonable manner are whether: "(1) there is a bona fide dispute concerning the scope and application of insurance coverage; (2) the insurer asserts a legitimate policy defense; (3) the claim presents a genuine legal or factual issue regarding coverage; or (4) the insurer takes a reasonable legal position on an unsettled issue of law." *TKK USA, Inc.*, 727 F.3d at 793; *see also American Safety*,

776 F. Supp. at 704 (noting relevant considerations include an insurer's attitude, whether the insured was forced to sue to recover, and whether the insured was deprived of the use of their property). Thus, Souza's characterization that these documents are relevant to her claim is incorrect as that claim does not exist in this action.

Second, while relevance is construed broadly and is not limited to evidence admissible at trial, Souza has not explained how these documents about the handling of other claims and Erie's business practices weigh on whether Erie breached the insurance contract by failing to provide coverage to Souza under the property policy at issue. Fed. R. Civ. P. 26(b)(1). In *Nautilus* and *Harleysville,* the courts considered the scope of discovery for Section 155 claims and denied similar discovery requests because they were irrelevant to a Section 155 claim. *Nautilus Ins. Co. v. Raatz*, 2011 WL 98843, at **4-5 (N.D. Ill. Jan. 12, 2011) (denying discovery as to information about other insureds who were denied coverage on the same basis and cases where insurer was found to have acted in bad faith); *Harleysville*, 2014 WL 5507572, at **4-8 (denying discovery as to all documents consulted when reviewing the claim at issue, personnel files, documents related to quality assurance programs, and loss reserve documents). Similarly, Souza does not explain how the requested business documents, including vendor lists, contractor price estimates, and personnel information help prove any of the elements for the breach of contract or Section 155 claim. Additionally, "[t]he absence of any Illinois cases allowing [discovery of personnel information] on a Section 155 claim is likely the result of the difference between that remedy and a bad faith tort claim." *Harleysville*, 2014 WL 5507572, at *6 (denying discovery of personnel files and documents related to quality assurance programs); *Navarro v. Travelers Cas. Ins. Co. of America*, 2018 WL 11412425, at **5-6 (C.D. Ill. Oct. 11, 2018) (*citing Harleysville*, 2014 WL 5507572, at *5) (denying motion to compel performance evaluations and compensation in a Section 155 case as there is no showing this would contribute to the vexatious or unreasonable denial of the claim). Souza has not exhibited how the requested business documents bear on Section 155 or made any showing that they contribute to the vexatious or unreasonable denial of the claim.

Third, Souza has not made a showing that other claims documents and business documents requested are proportional to Souza's burden of proving a breach of contract and a violation of Section 155. Doc. [37]. For separate claims information, Souza does not explain how information from six months prior to the date of loss and nationwide policy documents impacts the issues at stake in this action or the amount in controversy. Fed. R. Civ. P. 26(b)(1). In fact, *Nautilus* speaks directly to this issue and finds discovery of separate claim denials as "overly burdensome and, at this time, irrelevant to the larger coverage issue." *Nautilus*, 2011 WL 98843, at **4-5. Furthermore, in *Harleysville*, 2014 WL 5507572, at *6, the court aptly stated: "Delving into the performance evaluations of the persons involved in [Plaintiff's] claim and exploring the nature of [Defendant's] employee bonus plan would set the parties off on a path of extended discovery that would multiply attorneys' fees and costs disproportionately to the limited remedy Section 155 allows." Similarly, in *Navarro*, the court there recognized that "allowing discovery of [insurer's] incentive programs would lead to discovery costs disproportionate to the remedy allowed by Section 155." 2018 WL 11412425, at *6. All those concerns are present here.

The Court will permit Souza to serve a new interrogatory and document request, if it has not done so already, relating to policies and procedures that serve as Erie's criteria for denying

3

Souza's claim. But, as currently drafted, Souza goes too far in seeking an excessive amount of information about other claims and business practices that are not relevant or proportional to her Section 155 claim.

## Conclusion

For the reasons stated above, the Court denies Souza's Motion to Compel documents responsive to Request for Production Nos. 10-11, 14-17, 20-23 and a response to Interrogatory No. 8. Doc. [37].

**SO ORDERED.**

Dated: March 12, 2024

_____
Sunil R. Harjani
United States Magistrate Judge